# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
## Dublin Division

DAVID JONATHAN HUBBARD, )
)
    Plaintiff, )
)
v. ) Case No. 3:15-cv-99 (DHB/BKE)
)
NAVY FEDERAL CREDIT UNION )
)
    Defendant. )
)

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant Navy Federal Credit Union ("Navy Federal") submits this Memorandum in Support of its Motion to Dismiss all claims asserted against it under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I. INTRODUCTION

In his Complaint, Plaintiff, proceeding *pro se*, alleges that while he was in jail serving time for domestic violence, his Navy Federal accounts were subject to charges that he did not authorize. Even if Plaintiff's allegations were true, he has not identified any legal justification for holding Navy Federal responsible for his loss of funds. As such, his Complaint should be dismissed.

## II. BACKGROUND

Navy Federal Credit Union is a not-for-profit federally chartered Credit Union serving the financial needs of its members, who are primarily Department of Defense personnel and their family members. Navy Federal provides financial services to its members at its branch offices and ATMs around the world.

Plaintiff, David Hubbard, is a member of Navy Federal, where he has a checking account, with an associated debit card, and a credit card account. According to the Complaint, Plaintiff was arrested on May 9, 2013, after being involved in a "domestic dispute." *See* ECF Doc. 1 (Complaint, at 3). Following his arrest, Plaintiff remained in prison until August 29, 2014. *See id.* at 4. Plaintiff does not allege that he ever notified Navy Federal of his arrest, or, of a change in his mailing address while he was in prison.

Plaintiff claims that beginning on the day of his arrest, and continuing throughout the entire time of his imprisonment, his Navy Federal accounts were subject to constant repeated unauthorized charges[1]. Plaintiff calculates that during the time he was in prison, $49,748.74 was charged to his checking account, without authorization. *See id.* at 4.

As is apparent from the account statements attached to the Complaint, the disputed charges made during this period were all either: ATM withdrawals, point-of-sale debit card payments, credit card charges, credit card payments, or transfers of funds from Plaintiff's checking account using Navy Federal's website. *See id.* at 35–109. In order for each of these transactions to be accomplished without Plaintiff's authorization, one or more individuals would have needed to have obtained from Plaintiff, among other things, his: debit card, credit card, ATM pin number, and website login information. Moreover, after obtaining that information, the unauthorized user would have needed to continue using the obtained information on a regular and routine basis for nearly sixteen months.

According to Plaintiff, the first unauthorized charges to his checking account occurred on the same day as his arrest, May 9, 2013. *See id.* at 37 (indicating the charges Plaintiff claims were unauthorized in May 2013). The charge is recorded on Plaintiff's May 13, 2013 Navy

---

[1] Plaintiff's allegation is that every single one of the hundreds of charges on his checking account and credit card during this period was unauthorized.

2

Federal Statement of Account (the "May 2013 Checking Account Statement"). *See id.* at 35 – 38. The statement includes 8 other charges that Plaintiff alleges were also unauthorized. *See id.*

The May 2013 Checking Account Statement was transmitted by Navy Federal to Plaintiff's last known address at 4949 Harrison Rd, Apt. 331 (the "Harrison Apartment"). *See id.* Plaintiff seems to admit the Harrison Apartment was the last address he gave to Navy Federal prior to his release from prison. *See id.* at 35 (containing Plaintiff's handwritten annotation stating that the Harrison Apartment was "my original address.").

Likewise, according to Plaintiff, the first unauthorized charges to his credit card also occurred on his arrest date. *See id.* at 71. That charge, along with 11 other charges Plaintiff claims were unauthorized, appeared on Plaintiff's May 14, 2013 Credit Card Summary of Account Activity (the "May 2013 Credit Card Statement"). The May 2013 Credit Card Statement was also transmitted to the Harrison Apartment.

Plaintiff claims that upon his release from prison on August 29, 2014, he notified Navy Federal, for the first time, of his claim that charges totaling $49,748.74 were unauthorized. *See id.* at 4. On November 19, 2015, Plaintiff filed his Complaint seeking damages in the amount of the alleged unauthorized charges, and seeking an additional $100,000 to compensate for his pain and suffering. *See id.* at 5. For the reasons stated below, Plaintiff's Complaint should be dismissed.

### III. ARGUMENT

A.  **Plaintiff's Complaint Must Be Dismissed Because It Does Not Provide Sufficient Notice Of His Claims.**

Rule 8(a)(2) requires a complaint to be "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant **fair notice of what the claim is and the grounds upon which it rests.**" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

3

(emphasis added). Even when a plaintiff is *pro* se, defendants are not required "to guess or speculate on what they are being sued for; rather, they must be provided fair notice on which to frame their defensive pleadings." *Ferdinand v. City of Midway*, 2010 WL 4705093, at *3 (S.D. Ga. 2010), rec. adopted, 2010 WL 4694070 (S.D. Ga. 2010). A complaint that fails to provide such notice is subject to dismissal.

Additionally, a plaintiff is required to plead facts sufficient to satisfy the court's subject matter jurisdiction. *See* Rule 8(a)(1). Further, all of plaintiff's claims must be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *See* Rule 10(b).

A complaint, even if filed by a *pro se* plaintiff, must be dismissed if it fails to meet the requirements of Rules 8 and 10. *Lacroix v. W. Dist. of Kentucky*, 2015 WL 5673018, at *2 (11th Cir. 2015). As the 11th Circuit recently stated:

> [A]lthough *pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action. Even a *pro se* litigant is required to comply with the rules of procedure."

*Id.* (citations and quotations omitted).

Plaintiff's Complaint violates Rules 8 and 10 because it does not plead a basis for jurisdiction, nor is it organized in numbered paragraphs.

More importantly, in contrast to the fundamental requirement of Rule 8, and the most basic principle of notice pleading, Plaintiff has entirely failed to state in his Complaint *what his legal claim is*. Despite filing a pleading that consists of 5 pages and over a hundred pages of exhibits, Plaintiff has not identified any statute or common law theory on which his claim for

relief is based. Instead, the Complaint, improperly, leaves Navy Federal and the Court to guess at the nature of the claim.

Because the Complaint does not provide notice of Plaintiff's legal claim, and otherwise violates Rules 8 and 10, it should be dismissed.

**B.     To The Extent Plaintiff Intended To Bring A Claim Under The Electronic Funds Transfer Act, Such A Claim Should Be Dismissed With Prejudice.**

While ordinarily when a *pro se* plaintiff files a defective complaint, he should be given leave to amend, an exception to this rule exists when any amendment would be futile. *See, e.g., Lacroix*, 2015 WL 5673018, at *2, FN 1. For the reasons stated below, to the extent Plaintiff intended to state claims under the federal Electronic Funds Transfer Act ("EFTA"), such a claim should be dismissed with prejudice.

**1. Plaintiff Does Not Have A Claim Under The EFTA Because He Did Not Provide Timely Notice To Navy Federal.**

The EFTA applies to electronic transfers of bank account funds, including account transfers made using debit cards, ATM cards, and internet transfers. *See* 15 U.S.C. § 1693a(7). Based on the statements attached to the Complaint, it appears all of the disputed transfers at issue were performed electronically. *See* ECF Doc. 1 (Complaint at 35–69).

Under the EFTA, a customer who believes his account has been the subject of an unauthorized electronic transfer may initiate the statute's error resolution process by notifying the financial institution <u>within 60 days</u> of the date the institution transmitted the first statement with an unauthorized charge. *See* 15 U.S.C. § 1693f(a) (emphasis added); *Golden-Koether v. JPMorgan Chase Bank, N.A.*, 2011 WL 6002979, at *2 (D.N.J. 2011). Once the process is initiated, the financial institution has 10 business days to investigate the alleged error, report the results of the investigation, and correct any errors. 15 U.S.C. § 1693f(a), (b). A customer may

bring a civil claim under the EFTA if a financial institution fails to properly investigate a claim, or fails to correct an error after the investigation is complete. *See* 15 U.S.C. § 1693m.

In this case, in order to avail himself of the EFTA error resolution process, Plaintiff was required to notify Navy Federal within 60 days after Navy Federal sent out the May 2013 Checking Account Statement. It is undisputed that Plaintiff did not do so. *See* ECF Doc. 1 (Complaint at p. 4) (stating that Plaintiff notified Navy Federal of the disputed charges for the first time on August 29, 2014).

Because Plaintiff did not notify Navy Federal within 60 days of the transmission of the May 2013 Statement, he cannot state a claim under the EFTA. *See, e.g., Overby v. Chase Manhattan Bank & J.P. Morgan Chase*, 351 F. Supp. 2d 219, 225 (S.D.N.Y. 2005); *McCray v. Susquehanna Bank*, 2004 WL 3661390, at *4 (D. Md. 2004) *aff'd*, 122 F. App'x 642 (4th Cir. 2005).

**2. Any Claim Under The EFTA Is Time Barred.**

Additionally, *even if* Plaintiff had complied with the 60-day period, his claim would still be barred because claims under the EFTA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1693m(g). Courts have typically interpreted this to mean that any EFTA claim that is based on an unauthorized charges needs to be initiated within one year of the date of the first unauthorized transfer. *See, e.g., Camacho v. JPMorgan Chase Bank*, 2015 WL 5262022, at *4 (N.D. Cal. 2015); *Repay v. Bank of Am.*, 2013 WL 6224641, at *5 (N.D. Ill. 2013).

However, regardless of the exact interpretation of when the limitations period begins, it is abundantly clear that the statute of limitations has always run in cases where a plaintiff waits to file his complaint over a year after receiving actual notice of the alleged unauthorized transfer. *See, e.g., Houck v. Local Fed. Sav. & Loan, Inc.*, 996 F.2d 311 (10th Cir. 1993); *Springer v.*

*Wachovia Bank,* 2010 WL 427417, at *2 (M.D. Fla. 2010); *Apostolidis v. JP Morgan Chase & Co.,* 2012 WL 5378305, at *6 (E.D.N.Y. 2012).

In this case, the first disputed transfer occurred on May 9, 2013. Plaintiff filed his Complaint on November 19, 2015 — over two-and-a-half years after the initial disputed transfer. Moreover, the date the Complaint was filed was nearly fifteen months after Plaintiff admits he became aware of the alleged unauthorized transfers on August 29, 2014. As such, any claim Plaintiff intended to make under the EFTA is time barred.

To the extent Plaintiff intended for his Complaint to state a claim under the EFTA, that claim should be dismissed with prejudice.

## C. To The Extent Plaintiff Intended To Bring A Claim Under The Fair Credit Billing Act, Such A Claim Should Be Dismissed With Prejudice.

The Fair Credit Billing Act ("FCBA") is part of the Truth in Lending Act, which provides "a dispute resolution procedure for the correction of billing errors on consumer credit statements." *See Langenfeld v. Chase Bank USA, N.A.,* 537 F. Supp. 2d 1181, 1192 (N.D. Okla. 2008). The FCBA is analogous to the EFTA, and contains similar provisions and restrictions on claims. As with the EFTA, any claim Plaintiff intended to make under the FCBA should be dismissed with prejudice.

### 1. Plaintiff Does Not Have A Claim Under The FCBA Because He Did Not Provide Timely Notice To Navy Federal.

Similar to the EFTA, the FCBA requires a customer to notify the financial institution <u>within 60 days</u> of the transmission of the customer's first statement that contains the error. *See* 15 U.S.C. § 1666(a) (emphasis added); 12 C.F.R. § 226.13(b)(1); *Jaffe v. Capital One Bank,* 2010 WL 691639, at *8 (S.D.N.Y. 2010).

A credit card customer who fails to object to a charge within 60 days of the transmission of the first statement has no claim under the FCBA. *See, e.g., Dawkins v. Sears Roebuck & Co.,*

109 F.3d 241, 243 (5th Cir. 1997); *Camacho v. J.P. Morgan Chase*, 2015 WL 3872332, at *5 (D. Mass. 2015); *Jaffe*, 2010 WL 691639 at *8.

The first statement to reflect a charge that Plaintiff claims was unauthorized was present on the May 2013 Credit Card Statement. In order to state a claim under the FCBA, Plaintiff would have needed to notify Navy Federal of his allegation that the charges were unauthorized within 60 days of the transmission of that statement. It is undisputed that Plaintiff did not do so. *See* ECF Doc. 1 (Complaint at 4) (stating that Plaintiff notified Navy Federal of the disputed charges for the first time on August 29, 2014). As such, Plaintiff cannot state a claim under the FCBA.

### 2. Any Claim Under The FCBA Is Time Barred.

As with the EFTA, any FCBA claim must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e); *Dawkins*, 109 F. 3d at 242-43.

The first disputed credit card charge occurred on May 9, 2013. Plaintiff's Complaint was filed over two-and-a-half years after the initial disputed transfer. Moreover, the date the Complaint was filed was nearly fifteen months after Plaintiff admits he became aware of the alleged unauthorized charges on August 29, 2014. As such, any claim Plaintiff intended to make under the FCBA is time barred.

For the reasons stated above, to the extent Plaintiff intended to state a claim under the FCBA, that claim should be dismissed with prejudice.

## IV. CONCLUSION

Because Plaintiff did not comply with Rules 8 and 10, his Complaint should be dismissed. Additionally, to the extent Plaintiff intended to bring claims under the EFTA or FCBA, his claims should be dismissed with prejudice.

Dated: January 29, 2016

Respectfully submitted,

_____/s/_____
James F. Nelson, Jr., Bar No. 538100
Nelson & Dixon, LLC
125 North Franklin Street
Dublin, Georgia 31021
(478) 272-3545
(478) 272-8853 (fax)
jnelson2992@gmail.com

**Counsel for Defendant**

OF COUNSEL
**Edward Lee Isler**, *pro hac forthcoming*
**Micah E. Ticatch**, *pro hac forthcoming*
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
eisler@islerdare.com
mticatch@islerdare.com

**Counsel for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January, 2016, a true and accurate copy of the foregoing was served by first-class mail to the following address:

>David Jonathan Hubbard
>1228 Hwy. 19
>S. Dublin, GA 31021

>_____/s/_____
>Edward Lee Isler
>Micah E. Ticatch
>ISLER DARE, P.C.
>1945 Old Gallows Road, Suite 650
>Vienna, Virginia 22182
>(703) 748-2690
>(703) 748-2695 (fax)
>eisler@islerdare.com
>mticatch@islerdare.com